# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RICK LAHODNY and LUDINIA )
LAHODNY, husband and wife, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
vs. ) Case No. CIV-14-1126-M
　　　　　　　　　　　　　　　　　　)
STATE FARM FIRE AND CASUALTY )
COMPANY and RITA WALLENBERG, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

## ORDER

Before the Court is plaintiffs' Motion to Remand, filed November 12, 2014. On December 3, 2014, defendant State Farm Fire and Casualty Company ("State Farm") filed its response, and on December 8, 2014, plaintiffs filed their reply. Also before the Court is State Farm's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand, filed December 3, 2014. On December 18, 2014, plaintiffs filed their response, and on December 22, 2014, State Farm filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.　　Introduction

On November 4, 2013, plaintiffs filed the instant action in the District Court of Cleveland County, State of Oklahoma. This action arises out of a claim plaintiffs made under their homeowners insurance policy for damage to their home allegedly sustained from a tornado on or about May 20, 2013. Plaintiffs assert claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing. Plaintiffs have also asserted the following claims against both State Farm and defendant Rita Wallenberg ("Wallenberg"), an agent for State Farm: (1) negligence in the procurement of insurance, (2) constructive fraud and negligent misrepresentation,

(3) negligence, and (4) breach of fiduciary duty. On October 14, 2014, approximately eleven months after this case was filed in state court, State Farm removed this action to this Court, asserting that this Court has diversity jurisdiction because Wallenberg has been fraudulently joined in this case in order to defeat federal diversity jurisdiction.

II. Motion to Remand

Plaintiffs now move this Court to remand this case back to the District Court of Cleveland County, State of Oklahoma. Specifically, plaintiffs assert that State Farm's removal is untimely and State Farm has wholly failed to meet its heavy burden to justify removal.

The timeliness of State Farm's Notice of Removal is governed by 28 U.S.C. § 1446(b), which provides, in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
> \* \* \*
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1),(3). "Under § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotations omitted).

State Farm contends that plaintiffs' Petition did not provide clear and unequivocal notice that this action could be removed based upon fraudulent joinder. Instead, State Farm asserts the §

2

1446(b)(3) thirty-day period began to run in this case when plaintiffs filed a Motion to Quash Deposition Notices on September 22, 2014 and failed to appear for their noticed depositions on September 30, 2014.  Specifically, State Farm asserts that the filing of the motion to quash made clear that plaintiffs were taking the same position regarding removal of this case as their counsel had taken with respect to three earlier-filed cases during a July 21, 2014 hearing – that State Farm did not need to depose plaintiffs in order to establish fraudulent joinder and had "more than what they need[ed]" to remove.  State Farm contends that plaintiffs, thus, effectively conceded by filing the motion to quash that their deposition testimony would have demonstrated the absence of any viable claim against Wallenberg.  State Farm, therefore, contends that the motion to quash constituted an "other paper" providing it with unequivocal notice that this case was removable.

Having carefully reviewed the parties' submissions, and assuming, without deciding, that the propriety of removal was not apparent on the face of plaintiffs' Petition, the Court finds that plaintiffs' Motion to Quash Deposition Notices does not constitute an "other paper" as contemplated by § 1446(b)(3).  Specifically, the Court finds the motion to quash does not "unequivocally" notify State Farm that there is no factual basis for plaintiffs' claims against Wallenberg.  Additionally, the Court finds that State Farm's assertion that by filing the motion to quash plaintiffs effectively conceded that their deposition testimony would have demonstrated the absence of any viable claim against Wallenberg is simply untenable.  There are numerous valid reasons for plaintiffs to seek to quash their depositions that have nothing to do with the validity of their claims against Wallenberg; the most obvious is that stated by plaintiffs, that their counsel's schedule did not permit the deposition on the date set by State Farm.  Further, the Court finds that State Farm has failed to

establish the existence of any other paper or other knowledge that would trigger its right to remove. Accordingly, the Court finds State Farm's removal was untimely.

State Farm further contends that plaintiffs' decision to adopt the positions asserted by their counsel at the July 21, 2014 hearing in order to avoid depositions in this case also waived any claimed defects in State Farm's compliance with the removal procedure set forth in § 1446(b). Even if plaintiffs' counsel's statements could be interpreted in this manner, State Farm cites no authority for its contention that a plaintiff can waive the procedural requirements of § 1446 *prior* to removal. *See Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012) ("Nonjurisdictional defects must be raised within 30 days *after* the filing of the notice of removal or they are waived." (emphasis added) (citations omitted)). Accordingly, the Court finds that plaintiffs have not waived the "other paper" requirement.

The Court, therefore, finds that this action should be remanded to the District Court of Cleveland County, State of Oklahoma.

III. Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand

In the event this Court determines that the current record is not sufficient to establish the fraudulent joinder of Wallenberg, State Farm moves this Court to allow it to take the depositions of plaintiffs, to submit an amended response to the motion to remand twenty days after the completion of the depositions, and to stay the Court's ruling on the motion to remand until after the amended response. Because this Court has determined that State Farm's removal was untimely, any issue related to the alleged fraudulent joinder of Wallenberg is immaterial. Accordingly, the Court finds that State Farm's motion to conduct jurisdictional discovery and for stay of ruling should be denied.

IV.     Request for Attorney Fees and Costs

In their motion, plaintiffs move the Court for an award of their costs and attorney fees based upon State Farm's improper removal of this case. The United States Supreme Court has held: "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Upon review of the parties' submissions, as well as the court file in this case, the Court finds that State Farm did not lack an objectively reasonable basis for its removal. Accordingly, the Court finds that plaintiffs should not be awarded their costs and attorney fees.

V.      Conclusion

For the reasons set forth above, the Court DENIES State Farm's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand [docket no. 19], GRANTS plaintiffs' Motion to Remand [docket no. 7], and REMANDS this case to the District Court of Cleveland County, State of Oklahoma.

**IT IS SO ORDERED this 11th day of March, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE